NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALADIN RUSHDAN, AKA Robert Woods, AKA Robert Stanley Woods, Plaintiff-Appellant, v. R. GEAR; et al., Defendants-Appellees. | No. 18-16191 D.C. No. 1:16-cv-01017-LJO-BAM MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Saladin Rushdan, AKA Robert Woods, AKA

Robert Stanley Woods, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Rushdan's access-to-courts claim because Rushdan failed to allege facts sufficient to show that any defendant caused an actual injury to a nonfrivolous legal claim. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101-03 (9th Cir. 2011) (discussing requirements for an access-to-courts claim); *see also Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002) ("[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." (footnote omitted)); *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (discussing the actual injury requirement).

The district court properly dismissed Rushdan's equal protection claim because Rushdan failed to allege facts sufficient to show that any defendant discriminated against him on the basis of his religion. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, [plaintiff] must allege facts plausibly

showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citations and internal quotation marks omitted)).

The district court properly dismissed Rushdan's claims against defendants Singh, Vasquez, Sexton, and Voong because Rushdan failed to allege facts sufficient to state a plausible claim against these defendants. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" (citation omitted)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

We reject as meritless Rushdan's contention that the magistrate judge was biased.

Rushdan's motion for reimbursement of funds (Docket Entry No. 7) is denied.

**AFFIRMED.**

18-16191